UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:19-cr-00078 |
| ) | |
| SEAN FIORE ) | |

**OPINION AND ORDER DENYING THE GOVERNMENT'S
PRE-ANSWER MOTION TO DISMISS**
(Doc. 269)

Pending before the court is the government's pre-answer motion to dismiss Defendant Sean Fiore's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 as time-barred by the one-year statute of limitations. Mr. Fiore contends his petition is timely because he is entitled to either statutory or equitable tolling of the limitations period.

Mr. Fiore is represented by Chandler W. Matson, Esq. The government is represented by Assistant United States Attorneys Eduardo A. Palomo, Gregory L. Waples, and Patrick Jasperse.

**I.     Factual and Procedural Background.**

Following an investigation into online child pornography, Homeland Security Investigations Special Agents obtained and executed a search warrant for Mr. Fiore's residence in Burlington, Vermont, on May 17, 2019. (Doc. 1.) The search yielded incriminating evidence, and Mr. Fiore was charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. 7.)

The government discovered additional incriminating evidence during its subsequent investigation into Mr. Fiore's activities, and Mr. Fiore was charged in a Third Superseding Indictment with: (1) intent that a murder be committed in violation of 13 V.S.A. §§ 2301 and 2311 and 18 U.S.C. § 956 in violation of 18 U.S.C. § 1958(a); (2) knowing receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); (3) knowing possession of child pornography in violation of 18 U.S.C.

§§ 2252(a)(4)(B) and 2252(b)(2); (4) conspiring to commit kidnapping and murder outside the United States in violation of 18 U.S.C. §§ 956(a)(1) and 956(a)(2)(A); (5) conspiring to entice any minor to engage in production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e); (6) enticing any minor to engage in production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e); and (7) knowingly receiving, aiding and abetting, and attempting to receive child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), (2). (Doc. 109.)

On October 14, 2021, Mr. Fiore pleaded guilty pursuant to a plea agreement to: intending that a murder be committed in violation of 18 U.S.C. § 1958(a), possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), conspiring to commit kidnapping and murder outside the United States in violation of 18 U.S.C. § 956(a)(1), and conspiring to entice any minor to engage in production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e). (Docs. 170 & 171.) Following two days of hearings, on March 30, 2022, the court sentenced Mr. Fiore to a term of imprisonment of 324 months followed by a lifetime term of supervised release. On March 31, 2022, the court entered judgment. (Docs. 215 & 216.) Mr. Fiore did not appeal, and his opportunity to do so expired on April 14, 2022. *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring defendant's notice of appeal to be filed within fourteen days of entry of judgment).

On July 17, 2023, Mr. Fiore filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 which was dated June 26, 2023.[1] (Doc. 263.) Therein, Mr. Fiore argues his trial lawyers provided him with ineffective assistance of counsel because they failed to investigate the circumstances that led to the search warrant for his residence, which allegedly included an illegal warrantless search of his computer, and because they failed to file a motion to suppress. Regarding the timeliness of his motion, he states, "This motion has been filed within the one-year

---

[1] When Mr. Fiore filed his § 2255 petition, he was self-represented, however, he was subsequently appointed counsel.

2

statute[] of limitations plus three-month grace period[.]" *Id.* at 12.[2] On July 27, 2023, the court ordered the government to respond as required by Rule 5 of the Rules Governing § 2255 Proceedings within thirty days. (Doc. 265.)

On August 10, 2023, the government filed a pre-answer motion to dismiss Mr. Fiore's motion.[3] (Doc. 269.) On October 9, 2023, Mr. Fiore opposed the government's motion to dismiss and moved to expand the record pursuant to Rule 7 of the Rules Governing § 2255 Proceedings. (Doc. 278.) The government filed its reply on October 24, 2023. (Doc. 281.) Thereafter, the court granted Mr. Fiore's motion for an extension of time to expand the record. (Doc. 286.) On November 30, 2023, Mr. Fiore filed a memorandum and affidavit to expand the record in further opposition to the government's motion to dismiss. (Doc. 285.)

In his affidavit, Mr. Fiore asserts he had "little to no access to any means of legal research[,]" (Doc. 285-1 at 1), for approximately the first two months of his sentence because he was moved between four correctional facilities and was held in quarantine for at least two weeks upon his arrival at each facility. He arrived at FCI Otisville on June

---

[2] Mr. Fiore does not cite legal authority for his assertion that there is a "three-month grace period[.]" (Doc. 263 at 12.) For habeas petitions filed "by a person in custody pursuant to the judgment of a State court[]" pursuant to 28 U.S.C. § 2244(d)(1), "[a] petitioner's conviction becomes final under [the Antiterrorism and Effective Death Penalty Act] after the denial of certiorari or the expiration of time for seeking certiorari[,]" *Clemente v. Lee*, 72 F.4th 466, 476 (2d Cir. 2023) (internal quotation marks omitted), which is generally ninety days. U.S. Sup. Ct. R. 13(1). Mr. Fiore, however, did not appeal and was not convicted in a State court.

[3] Although the Rules Governing § 2255 Proceedings do not explicitly permit a pre-answer motion to dismiss, the Federal Rules of Civil Procedure apply "to the extent that they are not inconsistent with any statutory provision or [the Rules Governing § 2255 Proceedings.]" Rule 12, Rules Governing § 2255 Proceedings; *see also* Rule 4, Rules Governing § 2255 Proceedings advisory committee's notes to 2004 amendment ("The amended rule reflects that the response to a [§] 2255 motion may be a motion to dismiss or some other response."); Rule 5, Rules Governing § 2255 Proceedings advisory committee's notes regarding changes made after publication and comments ("[Rule 5(a)] leaves open the possibility that the government's first response . . . is in the form of a pre-answer motion to dismiss the petition."). Under the Federal Rules of Civil Procedure, "a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 132 (2d Cir. 2021) (internal quotation marks and citation omitted).

10, 2022 and was released from quarantine on June 14, 2022, at which point he gained access to computer services in his living unit and in the law library. From June 14 through June 19, there was a lockdown and Mr. Fiore "could barely leave [his] cell, [l]et alone access legal materials." *Id.* at 2. As a result, he first accessed the law library on June 24, 2022 for "less than one hour." *Id.* Thereafter, FCI Otisville continued to be in "Red" COVID-19 operations levels, and Mr. Fiore avers he was unable to conduct legal research on the computer in his living unit due to the high demand for the computer among inmates,[4] lack of privacy,[5] "[p]rison politics[,]"[6] and "serious risk [of] being harmed by other inmates." *Id.* (internal quotation marks omitted). Due to "Red" COVID-19 protocols, Mr. Fiore asserts that trips to the education complex were "very infrequent" and his access to the law library computers was limited to approximately one hour every two weeks from June 19, 2022 until February 21, 2023 when "daily, consistent, and unrestricted access" became available. *Id.* at 2-3.

## II. Conclusions of Law and Analysis.

The government contends Mr. Fiore's § 2255 petition is untimely because it was filed over one year after his sentence became final. Mr. Fiore concedes his petition was filed over one year after his sentence became final but argues he is entitled to statutory or equitable tolling because he was denied sufficient access to a law library until February 2023 due to restrictive protocols surrounding the COVID-19 pandemic.

To be timely, a § 2255 petition must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[4] Mr. Fiore's living unit "had only one computer with a law library, but the unit housed over 100 inmates who also use[d] this computer for messaging, financial management, requests to staff, [the] inmate bulletin board, and [the] music library." (Doc. 285-1 at 1-2.)

[5] When Mr. Fiore accessed the computer, "other inmates closely supervised what known or suspected sex offenders—including [himself]—d[id] on th[e] computer[.]" (Doc. 285-1 at 2.)

[6] Mr. Fiore asserts that "[p]rison politics prohibit inmates with sex offense charges from accessing the unit's law library to research any potentially[ ]related case law." (Doc. 285-1 at 2.)

4

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Mr. Fiore's sentence became final on April 15, 2022, *see Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."), and his § 2255 petition was filed on June 27, 2023, *see Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001) (holding "prison mailbox rule" extends to § 2255 petitions), his petition was not filed by the deadline imposed by § 2255(f)(1).

### A. Whether Statutory Tolling Applies Under § 2255(f)(2).

Where a § 2255 petitioner is "prevented from making a motion" due to an "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States[,]" the statute of limitations does not begin to run until that impediment "is removed[.]" 28 U.S.C. § 2255(f)(2). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (internal quotation marks and citation omitted). Inmates not represented by counsel must have access to "[t]he tools . . . need[ed] in order to attack their sentences, directly or collaterally[.]" *Id.* at 355. Accordingly, several circuit courts have concluded that "[l]ack of library access can, in principle, be an 'impediment' to the filing of a collateral attack." *Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013); *see also Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003) (concluding "a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement[]" is an "impediment" for purposes of the statute of

limitations for habeas petitions by persons in state custody) (internal quotation marks omitted); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (concluding law library's lack of materials essential for challenging conviction or confinement can constitute an "impediment") (internal quotation marks omitted).

Although inmates have a right of access to courts, they do not have "an abstract, freestanding right to a law library or legal assistance[.]" *Lewis*, 518 U.S. at 351. "To establish a violation [of the right of access to the courts], the inmate must demonstrate that . . . shortcomings in the library or legal assistance program hindered his [or her] efforts to pursue a legal claim." *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) (internal quotation marks and alterations omitted); *see also Famous v. Fuchs*, 38 F.4th 625, 631 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 794 (2023) ("[W]hether a petitioner could invoke the statutory reset provision depended on whether the petitioner could demonstrate a need for access to the library.") (citation omitted).

Some courts have concluded that the COVID-19 pandemic is not a "government-induced impediment."[7] Courts have further expressed skepticism that actions taken "for the health and safety of inmates and staff during a global health crisis[]" are "impediments *in violation* of the Constitution or law of the United States." *United States v. Kealoha*, 2023 WL 3505328, at *4 (D. Haw. May 17, 2023) (emphasis supplied) (collecting cases); *see also Shell v. Brun*, 585 F. Supp. 2d 465, 468 (W.D.N.Y. 2008) (explaining that "[p]rison officials may place reasonable restrictions on inmates' use of facility law libraries, as long as those restrictions do not interfere with inmates' access to

---

[7] *See, e.g., United States v. Latin*, 2022 WL 676670, at *4 (D. Haw. Mar. 7, 2022) ("It is questionable whether [library] restrictions [due to the COVID-19 pandemic] constitute government-induced impediments under § 2255(f)(2)."); *United States v. Lara*, 2021 WL 4087613, at *2 (S.D. Tex. Sept. 7, 2021) ("Some courts have held that the COVID-19 pandemic, while making it more difficult to complete and file a petition, did not *prevent* its filing, and was, therefore, not an impediment within the meaning of the statute.") (alterations adopted) (internal quotation marks omitted) (collecting cases); *Hines v. United States*, 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021) ("The pandemic is plainly not government-created, and I do not regard steps taken in the interest of health and safety as government-induced impediments."); *United States v. Leggio*, 2021 WL 694806, at *3 (M.D. Pa. Feb. 22, 2021) ("[T]he COVID-19 pandemic is clearly not an 'impediment to making a motion created by government action.'").

the courts[]") (collecting cases). This court agrees that the COVID-19 pandemic does not qualify as an "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(f)(2).

The court further finds that § 2255(f)(2) generally applies only when there is a complete denial of access to necessary legal research materials, not merely a limitation. *See Williams v. Ercole*, 486 F. App'x 208, 210 (2d Cir. 2012) (summary order) (concluding statutory tolling was unavailable where petitioner failed to establish that he could not have requested "priority access" to meet his deadlines); *Krause v. Thaler*, 637 F.3d 558, 561 n.6 (5th Cir. 2011) (deciding that petitioner's assertion that law library was "extremely limited" was insufficient because petitioner did not demonstrate "that the alleged inadequacies prevented him from timely filing his habeas petition[]") (internal quotation marks omitted). Mr. Fiore has demonstrated that, at times, his denial of access to legal research materials was absolute, but at other times his access was merely limited. He has also not demonstrated that he sought and was denied "priority access[.]" *Williams*, 486 F. App'x at 210, 211 (explaining that inmates "ha[ve] the burden of demonstrating the constitutional violation[]" therefore "the lack of evidence [of inadequate access to necessary legal research materials] accrues to [the inmate's] detriment, not the government's[]").

For the reasons stated above, Mr. Fiore has not met his burden of establishing that statutory tolling under § 2255(f)(2) applies.

### B.   Whether the Court Should Equitably Toll the Statute of Limitations.

"[A] petitioner is entitled to equitable tolling of the one-year statute of limitations if he [or she] shows: '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way and prevented timely filing.'" *United States v. Wright*, 945 F.3d 677, 684 (2d Cir. 2019) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The diligence prong "covers those affairs within the litigant's control[]" while "the extraordinary-circumstances prong, by contrast, is meant to cover matters outside [his or her] control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016). The test is satisfied "only where the

7

circumstances that caused a litigant's delay are both extraordinary *and* beyond [his or her] control." *Id.* (emphasis in original). This determination is "made on a case-by-case basis" and requires "flexibility[]" rather than "mechanical rules[.]" *Holland*, 560 U.S. at 650 (internal quotation marks and citations omitted).

Courts "expect even *pro se* petitioners to know when the limitations period expires and to understand the need to file a habeas motion within that limitations period." *Wright*, 945 F.3d at 685 (alterations adopted) (internal quotation marks and citation omitted). Although "maximum feasible diligence[]" is not required, *Holland*, 560 U.S. at 653 (internal quotation marks and citation omitted), "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance" necessary to presenting his or her petition to the court. *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008).

The Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). "Whether a circumstance is extraordinary is based not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather[,] how severe an obstacle it is for the prisoner endeavoring to comply with [the] limitations period.'" *Id.* (first alteration in original) (quoting *Diaz*, 515 F.3d at 154). The petitioner must also "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Mr. Fiore cites the pandemic, associated lockdowns and quarantines, transfers between facilities, his status as a sex offender, his mistaken belief in a grace period, and limited access to legal resources as grounds for equitable tolling. "'In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.'" *Alvarez*

*v. United States*, 2019 WL 1428350, at *5 (S.D.N.Y. Mar. 29, 2019) (quoting *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005)). Courts have concluded, however, that "the effects of the COVID-19 pandemic could conceivably present extraordinary circumstances[,]" *Hines v. United States*, 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021), especially when access to legal research materials is severely limited as a result.

To demonstrate the pandemic created extraordinary circumstances, "'[a] petitioner cannot meet his [or her] burden . . . simply by making a passing reference to the pandemic or the resulting lockdown.'" *Id.* (quoting *United States v. Aigbekaen*, 2021 WL 1816967, at *1 (D. Md. May 6, 2021)); *see also Cohen v. Superintendent of Sing Sing Corr. Facility*, 2022 WL 2704509, at *3 (E.D.N.Y. July 8, 2022) ("While the pandemic undoubtedly created lamentable challenges for habeas petitioners, courts in this Circuit have held that its mere existence is not alone sufficient to warrant equitable tolling."). Instead, "a petitioner seeking such relief must demonstrate that he [or she] was pursuing his [or her] rights diligently *and* that the COVID-19 pandemic specifically prevented [the petitioner] from filing his [or her] motion." *Shaw v. United States*, 2022 WL 2916324, at *4 (S.D.N.Y. July 25, 2022) (internal quotation marks and citation omitted) (emphasis in original). This inquiry requires "a fact-specific analysis of circumstances facing each petitioner[,]" including "when lockdowns began and ended in relation to the one-year filing period, what level of access to the law library and other legal resources existed during the lockdowns, whether the petitioner filed other legal matters during the filing period, and any other relevant issues." *Magee v. Ames*, 2024 WL 992182, at *3 (S.D. W. Va. Mar. 7, 2024). Courts have generally required a level of detail regarding pandemic restrictions sufficient to "paint a coherent picture of [the petitioner's] prison's timeline of lockdowns." *United States v. Tinsman*, 2022 WL 3208346, at *4 (10th Cir. Aug. 9, 2022). Mr. Fiore has provided this level of detail.

Mr. Fiore did not gain access to computer services and the law library at FCI Otisville until June 14, 2022, however, a "nearly constant[]" lockdown restricted his access to legal materials until June 19, 2022 and he first accessed the law library on June

9

24, 2022.[8] (Doc. 285-1 at 2.) Thereafter, his access to the law library was severely restricted until February 2023. *See Magee*, 2024 WL 992182, at *3-4 (tolling statute of limitations due to pandemic-related library restrictions where petitioner "receiv[ed] only two [one]-hour visits to the law library for more than a year, a period that encompassed the entirety of the filing period[]" and petitioner "repeatedly sought access to the law library[]" to prepare his "relatively technical[]" petition).

Mr. Fiore's claims are factually and legally complex and his memorandum of law is thoroughly researched with ample citation to case law, demonstrating the necessity of access to library services to adequately research and present his claims.[9] Although the government points out that Mr. Fiore is "intelligent and highly educated," (Doc. 281 at 9), Mr. Fiore's advanced degree is wholly unrelated to the law and he had no criminal history prior to his offense of conviction. He thus had no prior experience navigating the prison system and was in no better position than any other newcomer to the prison law library to investigate his claims. To the contrary, the nature of Mr. Fiore's conviction

---

[8] *See Rivera v. Harry*, 2022 WL 93612, at *5 (E.D. Pa. Jan. 10, 2022) (concluding equitable tolling was appropriate where petitioner "was quarantined in his cell for [twenty-three] hours and [forty-five] minutes per day from March 2020 through July 2020 and the prison's law library was closed[]" and petitioner filed "almost immediately after the prison lifted the quarantine and reopened the law library[]"); *Monroe v. United States*, 2020 WL 6547646, at *3 (E.D. Va. Nov. 6, 2020) (tolling statute of limitations where petitioner's correctional facility was in lockdown and "access to the law library" was "impossible") (alteration adopted) (internal quotation marks and citation omitted).

[9] *Compare Cowan v. Davis*, 2020 WL 4698968, at *5 (E.D. Cal. Aug. 13, 2020) (weighing that petitioner's claims "appear to be legally and factually complex[]"), *and Contreras v. Davis*, 2020 WL 5588589, at *6 (E.D. Cal. Sept. 18, 2020), *report & recommendation adopted*, 2020 WL 6261619 (E.D. Cal. Oct. 23, 2020) (concluding equitable tolling was appropriate where petitioner "pointed to present case specific impacts from the continuing COVID-19 pandemic that have and will impede record assembly and review, lay and expert discovery, claim investigation and development, and preparation of a complete federal habeas petition[]"), *with Tillard v. United States*, 2023 WL 1798711, at *2 (W.D.N.Y. Feb. 7, 2023) ("Given the simplicity of the motion Petitioner actually filed, the Court cannot discern any reason why Petitioner needed access to the law library or any particular 'legal forms' in order to complete and file his motion."), *and Mairs v. Fields*, 2021 WL 4311140, at *3 (E.D.N.Y. Sept. 22, 2021) (concluding equitable tolling was not appropriate due to lack of access to legal research during COVID-19 pandemic where "[p]etitioner made no legal arguments that would have required lengthy library access prior to submission[]").

made it difficult for him to assert his right to scarce legal resources during a pandemic when they were in demand by virtually all other inmates.

The government further argues that Mr. Fiore could have requested additional library access when his deadline was imminent which the FCI Otisville Warden might have granted based on a showing that Mr. Fiore "utilized the law library during all of his available leisure time" and if Mr. Fiore provided "the reasons why his attorney [could not] provide assistance to him." *Id.* at 9 n.3 (emphasis in original). Because Mr. Fiore's claims arise out of the alleged failures in his lawyers' representation, he could hardly ask them to research those claims for him. No court has apparently required a petitioner to demonstrate all available leisure time was spent in a law library before equitable tolling applies. Similarly, Mr. Fiore's failure to request special treatment, which he may not have known was available, is not dispositive. *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[.]") (internal quotation marks and citations omitted).

Although equitable tolling is not appropriate "if the party, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances[,]" *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) (internal quotation marks and citation omitted), Mr. Fiore had less than two months to prepare his petition once he gained daily, consistent access to the law library.[10] At that point he accessed legal research materials whenever they were reasonably available. His delay in filing his petition was commensurate with the obstacles he faced and does not reflect a lack of diligence on his part.[11] The three-month period at issue was relatively minor and Mr. Fiore has established

---

[10] *Cf. Fraser v. Howard*, 2022 WL 17718410, at *2 (S.D.N.Y. Dec. 15, 2022) (concluding § 2244 petitioner did not demonstrate he acted with "reasonable diligence[]" when he "still had 122 days" before deadline after extraordinary circumstances ceased); *Hairston v. Bell*, 2022 WL 21770563, at *4 (S.D.N.Y. July 12, 2022) (declining to equitably toll statute of limitations where § 2244 petitioner "still had more than two and a half months to submit a timely *habeas* petition[]" and did not explain how lack of access to legal materials or COVID-19 lockdowns inhibited his ability to timely file).

[11] Although judges in the District of Vermont have recently granted pre-answer motions to dismiss a § 2255 petition on statute of limitations grounds, those cases are easily distinguishable.

a good faith albeit mistaken belief in a three-month grace period. The government has identified no prejudice as a result of the delay. Mr. Fiore presents substantive, well-researched arguments that should ordinarily be addressed on the merits. Viewed in their totality and not in isolation, the circumstances are sufficiently "extraordinary" to warrant a brief tolling period.

For the reasons stated above, Mr. Fiore has established extraordinary circumstances and equitable tolling applies to excuse the three-month delay in filing his petition. Accordingly, Mr. Fiore's petition is not time-barred.

## CONCLUSION

For the foregoing reasons, the court DENIES the government's pre-answer motion to dismiss Mr. Fiore's motion to vacate, set aside, or correct sentence. (Doc. 269.) SO ORDERED.

Dated at Burlington, in the District of Vermont, this 31st day of May, 2024.

Christina Reiss, District Judge
United States District Court

---

*See United States v. Durkin*, No. 5:17-cr-00115 (D. Vt. Jul. 19, 2022), ECF Doc. 50 (adopting report and recommendation granting motion to dismiss where petition was filed approximately one-and-a-half years after limitations period expired and petitioner raised no arguments regarding statutory or equitable tolling); *United States v. Carrasquillo*, No. 2:99-cr-00108 (D. Vt. Dec. 10, 2018), ECF Doc. 139 (adopting report and recommendation concluding statutory and equitable tolling were not available to petitioner who filed over sixteen years after conviction became final because petitioner presented no facts that violent nature of prison or petitioner's time spent in solitary confinement prevented petitioner from filing within limitations period).